# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 30, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| NATHEN DIMAGGIO, * | UNPUBLISHED |
| * | |
| Petitioner, * | No. 17-1799V |
| * | Special Master Gowen |
| v. * | |
| * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

Scott W. Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 14, 2019, Nathen DiMaggio ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 34). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$19,916.57**.

I. **Procedural History**

On November 15, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a human papillomavirus ("HPV") vaccine on July 22, 2014, he suffered a peroneal neuropathy with residual injuries and/or complications lasting for more than six months. On December 7, 2018, Petitioner filed a motion

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

for a decision dismissing his claim, and on the same day the undersigned issued his Decision dismissing the petition for insufficient proof. Decision, ECF No. 30.

On February 14, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Mr. Scott Rooney, in the total amount of $20,834.06, representing $16,167.00 in attorneys' fees and $4,667.06 in costs. Fees App. at 3.[3] Pursuant to General Order No. 9, Petitioner warrants that he has personally incurred costs totaling $525.18 pursuit of this litigation. Fees App. at 3. Respondent reacted to the fees motion on December 18, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 75). Petitioner did not file a reply. The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). I find no cause to doubt the good faith or reasonable basis of bringing this claim and respondent has not objected to the good faith or reasonable basis of the claim either. Accordingly, I find that petitioner is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests that his attorney, Mr. Scott Rooney, be compensated at a rate of $300.00 per hour for work performed prior to January 1, 2018, and $350.00 per hour for all work performed thereafter. Fees App. at 2. These rates are consistent with what the undersigned has previously awarded Mr. Rooney for his Vaccine Program work. *See Wyllis v. Sec'y of Health & Human Servs.*, No. 11-764V, slip op. at 2 (Fed. Cl. Spec. Mstr. Apr. 3, 2019). Accordingly, no adjustment to the rates is required.

Upon review of the submitted billing statement, I find the overall hours spent on this matter requires reduction due to vague and otherwise unnecessary/erroneous billing entries. Special

---

[3] The amount of attorneys' fees and costs referenced in the motion is not consistent with the total amounts as stated in the billing records. Petitioner's motion asserts that total fees are $16,023.00 and non-expert costs are $1,264.81, while the billing records have the total fees as $16,167.00 and non-expert costs as $1,267.06. Because the difference in each instance is small, the undersigned will give Petitioner the benefit of the doubt and presume the higher number is correct. Petitioner's counsel is advised to exercise greater care in the future preparing fees motions to ensure the amounts requested are consistent.

masters have consistently reduced an award of attorneys' fees for vagueness. *See Barry v. Sec'y of Health & Human Servs.*, No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% due to vague billing entries); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009).

Examples of vagueness in entries include multiple entries throughout the lifetime of the case for "Draft memo" with no further description of the subject of that memo of what it is being used for, entries for "Drafting" without describing what was being drafted, and entries documenting correspondence but not detailing the subject of that correspondence. Furthermore, counsel billed four entries for "Filing" in 2016, over one year before the petition or any medical records were filed. Fees App. Ex. 1 at 3. Entries such as these do not permit the undersigned to determine the reasonableness of the activity because they lack any sort of detail.

Accordingly, the undersigned shall reduce the final award of attorneys' fees by 5%. This results in a reduction of **$808.35**. Petitioner is thus awarded final attorneys' fees in the amount of **$15,358.65**.

b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $4,667.06. The majority of this amount ($3,400.00) is for the expert work of Dr. David Axelrod in reviewing medical records and providing a report which was ultimately not submitted by Petitioner. I have reviewed the invoice and finds the time expended and the overall amount reasonable.

Turning next to the remaining costs, I find that reductions are necessary. At the time Petitioner initially filed his motion for attorneys' fees and costs, no documentation supporting the requested costs was provided. I therefore ordered Petitioner to file this missing documentation. Order dated February 15, 2019 (ECF No. 35). Petitioner responded by filing documentation for three costs: Dr. Axelrod's invoice, an invoice for medical records in the amount of $525.18 which was actually incurred by Petitioner himself, and an invoice for medical records in the amount of $30.00, which was not previously included on the itemized list of costs submitted as part of the original fees motion. ECF No. 36. However, even with this filing, Petitioner has failed to provide adequate documentation for $102.82 in costs for medical records. Because these costs lack documentation, I cannot provide reimbursement for them. Therefore, the amount of final attorneys' costs shall be reduced by **$102.82**.

Also requiring reduction are the requested costs for "Fax/Scan." *Id.* at 13-16. Operating a fax machine is a cost better categorized as an overhead expense inherent to operating a law firm, and thus it is not compensable. *Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 WL 6990680, at *5

(Fed. Cl. Spec. Mstr. Nov. 21, 2018); *Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 n.5 (Fed. Cl. Spec. Mstr. May 11, 2017). This results in further reduction of costs of **$531.50**. Accordingly, Petitioner is awarded final attorneys' costs of **$4,032.74**.

      c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner asserts that he has personally incurred costs of $525.18 in pursuit of this litigation. Fees App. at 3. This cost is for acquiring medical records, and Petitioner has provided sufficient supporting documentation. Accordingly, this cost shall be fully reimbursed.

III. **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $16,167.00 |
|---|---|
| (Reduction of Fees) | - ($808.35) |
| **Total Attorneys' Fees Awarded** | **$15,358.65** |
| | |
| Attorneys' Costs Requested | $4,667.06 |
| (Reduction of Costs) | - ($634.32) |
| **Total Attorneys' Costs Awarded** | **$4,032.74** |
| | |
| **Total Attorneys' Fees and Costs** | **$19,391.39** |
| | |
| **Petitioner's Costs** | **$525.18** |
| | |
| **Total Amount Awarded** | **$19,916.57** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $19,391.39, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Scott Rooney;[4] and**

2) **A lump sum in the amount of $525.18, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).